IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEITH EARL JONES, #1699601 | § | |
| VS. | § | CIVIL ACTION NO. 6:14cv071 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Keith Earl Jones, an inmate confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus challenging his Anderson County conviction for the felony offense of driving while intoxicated, in violation of the state laws of Texas. After a jury trial in which a guilty verdict was returned, Petitioner was sentenced to a sentence of sixty years in prison.

The federal petition was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation on January 25, 2017, concluding that the petition for a writ of habeas corpus should be dismissed with prejudice. (Dkt. #20). Petitioner filed objections to the Report and Recommendation. (Dkt. #25).

In his first objection, Mr. Jones re-urges his claim that he was afforded constitutionally ineffective assistance of counsel. *See* Objections at 2. Mr. Jones generally argues that his counsel was ineffective and that "records clearly establishes that the petitioner was not allowed to participate in the caricature labeled an evidentiary hearing in the trial court". *Id*. He further argues that trial counsel's affidavit was unreliable and that he should be permitted to introduce his own evidence.

Mr. Jones repeats the argument from his petition that his trial attorney provided deficient voir

1

dire performance and that his performance resulted in his conviction. *See* Objections at 2. In Grounds four and five of his habeas petition, Jones argued that his trial attorney provided ineffective assistance of counsel during voir dire. *See* Fed. Writ Pet. at 6; Petitioner's Memorandum at 14–17. He claims counsel failed to object to a misstatement of law regarding the legal definition of intoxication and did not properly educate the jury about its burden of proof and the definition of intoxication. *See* Petitioner's Memorandum at 16.

During the State's voir dire, counsel explained the offense of driving while intoxicated and the manners that it could prove intoxication. 2 RR 16–22. Counsel also compared the differences in a .08 blood alcohol concentration, loss of use of normal mental faculties, and loss of use of normal physical faculties. 2 RR 22–26.

Jones's attorney reiterated the requirements that the State must prove to obtained a driving while intoxication conviction. Counsel explained that it is the jury's job to determine normal use after hearing the evidence. 2RR 67–70. The jury charge provided the definition of intoxication and the elements of the offense, and defense counsel argued to the jury that the State failed to prove any evidence of physical or mental impairment by the introduction of alcohol into his system. CR at 125–29; 4 RR 125–26.

Jones has failed to establish the State's voir dire was so objectionable that trial counsel lacked any strategic reason for not objecting or that he inadequately conducted his voir dire. No error is discernable. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that conclusory allegations are insufficient to obtain habeas relief); *Lovett v. State of Fla.*, 627 F.2d 706, 709 (5th Cir. 1980)(holding that the failure to object to admissible evidence does not constitute ineffective assistance of counsel). Proof of intoxication under the Texas statute provides means, including proof of loss of

2

"normal use of mental or physical faculties" or "an alcohol concentration of 0.08." Tex. Penal Code §49.01(2); cf. Petitioner's Memorandum at 15.

Further, a trial counsel's method of voir dire is a strategic question, thus it "cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir.1995). Considering that the jury was correctly instructed with regard to the law, including the State's burden, the elements of the crime and the jury's role in determining the facts, Jones cannot establish that his attorney performed deficiently or that his performance caused harm. *Strickland*, 466 U.S. at 689. The state court's decision to reject his claims that trial counsel provided ineffective assistance of counsel during voir dire was not contrary to, and did not involve an unreasonable application of clearly established federal law. These claims are meritless, and should be dismissed with prejudice.

Mr. Jones also requests an evidentiary hearing in order to present additional evidence regarding trial counsel's handling of voir dire. *See* Objections at 2. Mr. Jones, however, may not produce evidentiary support in federal courts that he did not present to the state courts. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Further, Mr. Jones has failed to demonstrate that counsel was ineffective for the manner in which he conducted voir dire. Thus, this claim lacks merit.

Mr. Jones also re-urges his argument that his trial attorney deficiently challenged certain evidence offered during the trial and that such a challenge would have altered the result of his trial. *See* Objections at 2. Mr. Jones further claims that court records prove his "trial was a farce." *See id*.

Mr. Jones argued in his habeas petition that his trial attorney should have objected to the State's discussion of an unreliable version of retrograde extrapolation evidence. *See* Fed. Writ Pet. at 6;

3

Petitioner's Memorandum at 18–20. He further claims that the State's attorney "invited the jury panel to perform its own, barnyard version of retrograde extrapolation" and permitted an officer to testify despite his lack of qualification to testify as an expert on the subject. Petitioner's Memorandum at 19–20.

Trial counsel filed an affidavit stating that he did not recall a formal retrograde extrapolation analysis but believed he did make an objection. SHCR-02 (EventID 2545369) at 4.

The trial court's findings establish that counsel unsuccessfully objected to testimony regarding the effects of alcohol from the paramedic at the scene but did not object to testimony from the trooper regarding Jones's .07 blood alcohol or that he believed he was intoxicated at the time of the accident. *Id*. at 1–2. Instead, trial counsel vigorously examined the officer the basis for his belief that Jones's blood alcohol was necessarily at an intoxicated level two hours later his blood was tested. *Id*.; 4 RR 61–65.

Counsel also thoroughly examined the officer about the evidence, including Jones's performance on the field sobriety tests, his footwear, the danger of the curve where the accident occurred, and the officer's belief that Jones was not intoxicated due to drugs. 4 RR 65–88, 91–93. Counsel subsequently argued to the jury that extrapolating the .07 to a .08 two hours later provided no proof of intoxication and that Jones should not be punished because the State did not bother to obtain his alcohol concentration sooner. 4 RR 120. The Court of Criminal Appeals denied habeas corpus relief on the basis of the trial court's findings as well as its independent review. SHCR-02 (EventID 2548682) at 1–2.

Jones cannot establish that the state court improperly rejected his claim that he received ineffective assistance of counsel regarding this issue. Notwithstanding trial counsel's failure to recall

4

whether he objected to retrograde extrapolation, his strategy not to object and discount its significance of the evidence was apparent.[1] *Charles v. Thaler*, 629 F.3d 494, 502 (5th Cir. 2011)(finding a decision not to object to adverse witness testimony not an unreasonable trial strategy to avoid undue attention to that harmful testimony). Such a tactic, in light of the only laboratory result showing nonintoxication, was not outside the zone of reasonable decisions. *United States v. Cotton*, 343 F.3d 746, 753 (5th Cir. 2003).

In any event, even had trial counsel objected to the retrograde extrapolation testimony and successfully excluded that testimony from evidence, the evidence was still legally sufficient for the jury to have found Jones guilty without blood test evidence. *Jones*, 2011 WL 6009596 at *1–2. Thus, there is no likelihood of a change in the result. *Strickland*, 466 U.S. at 694. Because the state court's decision to reject his claims that trial counsel provided ineffective assistance for failing to object to evidence involving retrograde extrapolation was not contrary to, and did not involve an unreasonable application of either the facts or clearly established federal law, Jones's claims do not rise to the level of reversible error.

Mr. Jones's final objection is based on the claim in his petition that his trial attorney was deficient for failing to challenge the forensic laboratory report. *See* Objections at 2. Jones argued in his petition that his trial attorney should have objected to the forensic laboratory report on confrontation grounds and as inadmissible hearsay. Fed. Writ Pet. at 6; Petitioner's Memorandum at 20–23. He challenges the State's exclusive reliance on the forensic lab report, showing a .07 blood alcohol

---

[1] Because the officer did testify that he believed the .07 result suggested that his blood alcohol concentration was greater than .08, any objection to the State's jury argument was not improper, and it also could not establish a basis to establish ineffective assistance of counsel. *See Brown v. State*, 270 S.W.3d 564, 571 (Tex.Crim. App. 2008) (holding that proper jury argument, under Texas law, falls within four general areas, including summations of the evidence and reasonable deductions, therefrom).

concentration, without testimony by the person who prepared it. Petitioner's Memorandum at 21. In its remand order, the Court of Criminal Appeals also requested findings regarding whether a forensic lab report was admitted without the proper foundation. SHCR-02 (EventID 2533946) at 2.

Trial counsel did not recall if he objected, but he believes that if a proper affidavit from the lab technician was on file, he would not have insisted the her appearance. SHCR-02 (EventID 2545369) at 4. The State files a certificate of analysis and chain of custody affidavit before trial, in which an analyst from the Texas Department of Criminal Justice certified the .07 blood alcohol result and her methodology. CR at 29–32. Trial counsel also noted some rationale for why he did not object to the content of the affidavit unrelated to issues related to the integrity of the process. SHCR-02 (EventID 2545369) at 4.

The trial court determined that the forensic lab report was entered with the proper foundation. *Id*. at 1–2. As noted, the Court of Criminal Appeals denied habeas corpus relief on the basis of the trial court's findings as well as its independent review. SHCR-02 (EventID 2548682) at 1–2. While Jones could have objected to the absence of the laboratory technician's presence at trial, he fails to show that the decision not to was not part of a reasonable trial strategy or establish that the technician utilized improper methodology.

As noted, the laboratory result was the only evidence providing Jones's level of intoxication and it provided evidence of nonintoxication. 4 RR 60–61. In addition to trial counsel's attempts to justify not requiring the lab technician's presence at trial, an objectively reasonable basis for trial counsel's decision is readily apparent from the trial record, which allowed counsel to challenge both the delay and the conclusion that Jones's blood alcohol ever exceeded the legal limit. *Richter*, 131 S.Ct. at 790 ("*Strickland* . . . calls for an inquiry into the objective reasonableness of counsel's performance,

not counsel's subjective state of mind.")(emphasis supplied). Similarly, because Jones cannot show that the methodology reached an incorrect result and the jury could have wholly based its verdict on the legally sufficient proof that Jones lost normal use of his mental or physical faculties, there is no likelihood of a change in the verdict. *Strickland*, 466 U.S. at 694. Because the state court did not make an unreasonable application of either the facts or existing federal law, Jones's claims should be dismissed with prejudice.

Finally, Jones fails to show that the state courts' rejection of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, so he is not entitled to relief. 28 U.S.C. § 2254(d). He has not shown "that the state court's ruling on the claim[s] being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *See Richter*, 562 U.S. at 101-102. Consequently, his claims should be dismissed with prejudice.

Ultimately, Mr. Jones has failed to overcome AEDPA's relitigation bar. The Texas Court of Criminal Appeals considered all these claims on state habeas review and denied relief. *See* SHCR-02 (EventID 2548682) at 1–2; *see also Ex Parte Jones*, 2013 WL 6212201 at *1.

Jones has not met his burden of proof to demonstrate that the state habeas court's denial of the claims was contrary to, or an unreasonable application of Supreme Court law. He is not entitled to relief because he cannot show "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 101-102. Jones has failed to overcome the presumption of correctness afforded the implicit findings of the state court, and he has

failed to demonstrate that its decision to deny relief was unreasonable. Jones's claims are without merit.

The Report of the Magistrate Judge, which contains the proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 27th day of March, 2017.**

_____
Ron Clark, United States District Judge